**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CLARENCE STANFORD, JR.,**

                                          **Plaintiff,**

          **vs.**                                            **1:17-CV-1000**
                                                             **(MAD/CFH)**

**N.Y.S. OFFICE OF CHILDREN AND**
**FAMILY SERVICES; JOHN ROCKEFELLOW,**
**Tour 3 Supervisor; NURSE GAGNON;**
**NURSE ROOT; GARY PATTMAN,**
**Director of Brookwood,**

                                          **Defendant.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**CLARENCE STANFORD, JR.**
835 Emmett Street, 2nd Floor
Schenectady, New York 12307
Plaintiff _pro se_

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

        Plaintiff, Clarence Stanford, Jr., commenced this action _pro se_ on September 8, 2017,

against Defendants N.Y.S. Office of Children And Family Services ("OCFS"), John Rockefellow,

Nurse Gagnon, Nurse Root, and Gary Pattman.  _See_ Dkt. No. 1.  Plaintiff asserts claims pursuant

to Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 _et seq_., and New

York State Human Rights Law ("NYSHRL") alleging disability discrimination, failure to

accommodate, and retaliation.  _See_ Dkt. No. 1.

        On October 29, 2016, Plaintiff claims he was denied reasonable accommodation to receive

assistance from nursing staff and to "check blood glucose levels and to self-administer medication

and food" to treat his diabetic symptoms.  _See_ Dkt. No. 1 at 2, 17–18.  Plaintiff received

emergency treatment from Greenport Rescue at 6:20pm.  Plaintiff was subsequently placed on administrative leave with pay on November 3, 2016.

On October 24, 2017, Magistrate Judge Christian F. Hummel issued a Report-Recommendation and Order granting Plaintiff's motion for *in forma pauperis* relief, recommending that Plaintiff's complaint be dismissed in its entirety with prejudice, and further recommending that Plaintiff's Motion for Appointment of Counsel be denied.  *See* Dkt. No. 6.

A court may grant a motion to proceed *in forma pauperis* ("IFP") if the party is "unable to pay" the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).  When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  While, "the court has the duty to show liberality towards pro se litigants, . . . there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis."  *Moreman v. Douglas*, 848 F. Supp. 332, 333–34 (N.D.N.Y. 1994) (internal citations omitted); *see*, *e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the court may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Plaintiff's objection contains only conclusory statements and fails to address the reasoning and legal issues set forth in Magistrate judge Hummel's Report-Recommendation and Order. Thus, the Court will review Plaintiff's objection for clear error.

The Eleventh Amendment provides a state with sovereign immunity from suit.  *See Virginia Office for Protection and Advocacy v. Stewart*, 563 U.S. 247, 253–54 (2011) (citation omitted).  "[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Id.* (citation omitted).  Generally, New York and its agencies enjoy sovereign immunity from suit in federal court under the Eleventh Amendment.  *See Woods v. Rondout Valley Central Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (holding that the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities) (citation omitted).

In 1908, the Supreme Court decided *Ex parte Young*, 209 U.S. 123 (1908), which established an exception to the Eleventh Amendment sovereign immunity protection afforded to the states.  "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Md., Inc. v. Pub. Serv. Com'n. of Md.*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296, 117 S. Ct. 2028, 138 L. Ed.2d 438 (1997) (O'Connor, J., joined by Scalia and Thomas, JJ., concurring in part and concurring in judgment)).

"Under *Ex parte Young*, the state officer against whom a suit is brought 'must have some connection with the enforcement of the act' that is in continued violation of the law." *In re Dairy*

*Mart Convenience Stores, Inc. v. Nickel*, 411 F.3d 367, 372-73 (2d Cir. 2005) (quoting *Ex parte Young*, 209 U.S. at 157).  "So long as there is such a connection, it is not necessary that the officer's enforcement duties be noted in the act."  *In re Dairy Mart*, 411 F.3d at 373.  Deciding whether a state official has violated federal law, however, "affects both the initial immunity inquiry as well as the ultimate decision on the merits."  17A James Wm. Moore *et al.*, *Moore's Federal Practice* § 123.40[3][a] (3d ed. 2004); *see also In re Dairy Mart*, 411 F.3d at 374.  At this stage, a court's job is not to decide the merits of the claim, but "only determine whether [the plaintiff's] assertion that the [defendant's acts] resulted in a violation of federal law is . . . substantial and not frivolous[.]"  *In re Dairy Mart*, 411 F.3d at 373.

District courts have supplemental jurisdiction over all state-law claims that are so related to federal claims over which they exercise original jurisdiction that they form part of the same case or controversy under Article III of the Constitution.  *See* 28 U.S.C. § 1367(a).  Application of supplemental jurisdiction is discretionary, however, and "it requires a balancing of the considerations of comity, fairness to the litigants, judicial economy, and the avoidance of needless decisions of state law."  *Federman v. Empire Fire & Marine Ins. Co.*, 597 F.2d 798, 809 (2d Cir. 1979) (citation omitted).

As Magistrate Judge Hummel correctly found, Plaintiff's ADA claim with respect to Defendant OCFS must be dismissed with prejudice because OCFS is a state agency that is immune from suit under the Eleventh Amendment.[1]  *See* Dkt. No. 6 at 11.  In the instant matter, Plaintiff is not seeking prospective relief, but is merely seeking money damages for "all time placed out of work" as well as $2,000,000 "for pain and suffering, mental anguish," and other

---

[1] Although courts have held that Title II of the ADA abrogated the States' sovereign immunity, the Second Circuit has determined "the statute unambiguously limits employment discrimination claims to Title I."  *Mary Jo C. v. N.Y. State and Local Retirement Sys.*, 707 F.3d 144, 171–73 (2d Cir. 2013).

stress induced health complications.  Dkt. No. 1 at 10.  "The Supreme Court has held that a claim

brought under Title I of the ADA against states for monetary damages is barred by the Eleventh

Amendment." *Winokur v. Office of Court Admin.*, 190 F. Supp. 2d 444, 448 (E.D.N.Y. 2002)

(citing *Bd. Of Trs. v. Garrett*, 531 U.S. 356, 363, 121 S. Ct. 955, 962 (2001)).

Further, Magistrate Judge Hummel correctly determined that Plaintiff's ADA claim cannot

proceed with respect to Defendants John Rockefellow, Nurse Gagnon, Nurse Root, and Gary

Pattman because the statute does not permit suits against defendants in their individual capacities

"under the retaliation provision of the ADA." *Arcuri v. Schoch*, No. 15-CV-798 (DNH/TWD),

2015 WL 5652336, *5 (N.D.N.Y. Sept. 24, 2015) (citing *Spiegel v. Schulmann*, 604 F.3d 72, 79

(2d Cir. 2010)).

Finally, Magistrate Judge Hummel also correctly recommended that, since the Court has

dismissed all of Plaintiff's federal claims, it will decline to exercise supplemental jurisdiction over

his NYSHRL claim pursuant to 28 U.S.C. § 1367(c)(3).

An opportunity to amend is not required where "the problem with [plaintiff's] causes of

action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d

99, 112 (2d Cir. 2000) (citation omitted).  As the Second Circuit explained, "[w]here it appears

that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to

deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993)

(citations omitted).  Although courts generally permit a *pro se* litigant leave to amend at least

once, the Court finds that amendment is inappropriate in this case.

As Magistrate Judge Hummel explained, Plaintiff's claims against OCFS and the

individual defendants cannot proceed because OCFS is immune from suit as a state agency under

the Eleventh amendment and the ADA does not allow for individual liability. *See* Dkt. No. 6 at 10–12. There are no possible amendments to the complaint that will change these facts.

Upon a review of the Order and Report-Recommendation, and considering that the parties have failed to object to any of Magistrate Judge Hummel's thorough and well-reasoned recommendations, the Court finds no clear error in Magistrate Judge Hummel's recommendations and hereby affirms and adopts the Order and Report-Recommendation as the opinion of the Court. Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's October 24, 2017 Order and Report-Recommendation is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that Plaintiff's motion for Appointment of Counsel (Dkt. No. 3) is denied; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 19, 2018
      Albany, New York

Mae A. D'Agostino
U.S. District Judge